FILED
2016 Mar-04  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

_____

| | |
|---|---|
| ) | |
| ) | |
| THE HEALTH CARE AUTHORITY OF THE ) | |
| CITY OF HUNTSVILLE d/b/a ) | |
| HH HEALTH SYSTEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| NORTH ALABAMA HOSPITALISTS, LLC ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

**COMES NOW** the plaintiff, The Health Care Authority of the City of Huntsville d/b/a HH Health System ("Huntsville Hospital System"), by and through its counsel, and in support of the instant Complaint against defendant North Alabama Hospitalists, LLC ("Defendant"), does hereby allege as follows:

### Nature of the Action

This is an action for federal trademark infringement, federal false designation of origin, and federal trademark dilution arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as well as common law

trademark infringement, violation of the Alabama Deceptive Trade Practices Act, and violation of the Alabama anti-dilution statute (Ala. Code 8-12-17).

## Parties

1.     Plaintiff The Health Care Authority of the City of Huntsville d/b/a HH Health System is an Alabama non-profit corporation, authorized to conduct business in the State of Alabama, with its principal place of business at 101 Sivley Road, Huntsville, Alabama 35801.

2.     Defendant North Alabama Hospitalists, LLC is an Alabama limited liability company conducting business in this State and federal court district, including conducting the practice of medicine, at 303 Williams Avenue, Suite 129, Huntsville, Alabama 35801.

3.     Defendant may be served with summons and a copy of this complaint through its registered agent, Mike Segars, at 303 Williams Avenue, Suite 129, Huntsville, AL 35801.

## Jurisdiction and Venue

4.     This Court has original and exclusive federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

5.      This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

6.      This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367 because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

7.      The Defendant has sufficient contacts with this State and federal court district such that this Court's exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Factual Background

9.      Huntsville Hospital, from which the Huntsville Hospital System was created, was started in 1895 and has been in continuous operation since its inception.

10.     Huntsville Hospital System is the third largest publicly owned hospital system in the nation with more than 1,800 beds and 12,000 employees.

11.     Huntsville Hospital System provides medical services through at least eighteen affiliates, including Huntsville Hospital for Women & Children, the Heart Center, Inc., and the Huntsville Hospital Physician Network.

12.     Huntsville Hospital System owns the following two marks ("Marks"):

**Application S/N**                      **Mark**

86/758,235                      North    Alabama    Hospitalists    (standard
                                character mark)


86/773,331

13.     Huntsville Hospital System has filed trademark applications with the USPTO for registration on the Principal Register for each of the Marks:

a.  U.S. Application Serial No. 86/758,235 was filed September 16, 2015, and will be published for opposition on March 15, 2016;

b.  U.S. Application Serial No. 86/773,331 was filed September 30, 2015, and will be published for opposition on March 22, 2016.

14.     Since 2008, Huntsville Hospital System has been using the Marks in connection with its marketing of the "hospitalist" services provided in conjunction with the Marks.

15.     Huntsville Hospital System has extensively advertised its services affiliated with the Marks throughout the geographic region in which Huntsville Hospital System is located as well as in the zone of natural expansion, and has expended considerable efforts ensuring that only the highest quality services are

provided in connection with the Marks.  As a result of these efforts, Huntsville Hospital System has established a tremendous amount of goodwill in its Marks.

16.     As a result of Huntsville Hospital System's continuous use of the Marks since at least as early as 2008, the Marks have become well known to consumers.  This goodwill in and recognition of the Marks, as well as the public's association of the Marks with the medical services provided by Huntsville Hospital System, are valuable assets of Huntsville Hospital System.

17.     Moreover, through Huntsville Hospital System's continuous use of the Marks since at least as early as 2008, Huntsville Hospital System has acquired common law rights in each of the Marks.

18.     It has come to Huntsville Hospital System's attention that Defendant has used and is continuing to use the following mark (the "Infringing Mark"):



19.     The Infringing Mark is likely to cause confusion, mistake, or deception in the marketplace, as it is very similar to the Marks owned by Huntsville Hospital System.

20.    On October 21, 2015, Huntsville Hospital System, through its undersigned counsel, notified Defendant of Huntsville Hospital System's prior use of each of the Marks and of Defendant's use of the Infringing Marks.  A true and correct copy of the October 21, 2015 letter is attached hereto as Exhibit A.

21.    The October 21, 2015 letter indicated that Huntsville Hospital System considered Defendant's continued unauthorized use of the Marks to constitute trademark infringement and unfair competition under the Lanham Act, and demanded that Defendant immediately cease use of the Marks.

22.    Defendant was instructed to provide Huntsville Hospital System, within 10 days of the October 21, 2015 letter, the steps Defendant proposed to take to eliminate the potential and actual marketplace confusion resulting from Defendant's use of the Infringing Mark.

23.    To date, Defendant has not taken steps to discontinue use of the Infringing Mark, and in fact continues to use the Infringing Mark in commerce.

24.    Attached hereto as Exhibits B through E, respectively, are screen captures from the internet found at http://www.northalabamahospitalists.com/, http://www.healthgrades.com/group-directory/al-alabama/huntsville/north-alabama-hospitalists-oojw4cv,        http://usplaces.com/others/huntsville-al/north-alabama-hospitalists,      and      http://doctor.webmd.com/practice/north-alabama-

hospitalists-c9ba845f-856b-e411-99e8-001f29e3eb44-overview,                showing

examples of Defendant's use of the Infringing Mark.

25.    Defendant's continued use of the Infringing Mark in connection with

the provision of medical and hospital services has irreparably damaged, and will

continue to irreparably damage, the valuable goodwill associated with the Marks

that Huntsville Hospital System has acquired and maintained since at least as early

as 2008.

## COUNT I:
## VIOLATION OF THE LANHAM ACT
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

26.    Huntsville Hospital System realleges and incorporates herein the

allegations of the foregoing paragraphs as though fully set forth herein.

27.    Huntsville Hospital System owns the Marks.

28.    The Infringing Mark is confusingly similar to Huntsville Hospital

System's Marks.

29.    By its unauthorized use of the Infringing Mark in connection with

Defendant's efforts to market its goods or services, Defendant has used and is

continuing to use in commerce a reproduction, counterfeit, copy or colorable

imitation of Huntsville Hospital System's Marks.

30.    Such use is likely to cause or constitute confusion, mistake, or deception in violation of 15 U.S.C. § 1114 by creating the false and misleading impression that Defendant's goods or services are actually those of Huntsville Hospital System, or that they are associated or connected with Huntsville Hospital System, or that Defendant's goods or services are sponsored, endorsed, or approved of by Huntsville Hospital System.

31.    Defendant's infringement of Huntsville Hospital System's Marks has taken place with full knowledge of Huntsville Hospital System's Marks and therefore has been intentional, deliberate, and willful.

32.    Defendant's use of the Infringing Mark constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

33.    As a direct and proximate result of Defendant's acts, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

34.    Huntsville Hospital System has no adequate remedy at law to prevent or recover from the damages addressed herein.

35.    Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.  Unless Defendant is enjoined by this Court, Huntsville Hospital System will continue to suffer substantial injuries due to

Defendant's unauthorized use of marks confusingly similar to Huntsville Hospital System's Marks.

36.    Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, injunctive relief under 15 U.S.C. § 1116 (including but not limited to the types of relief provided under 15 U.S.C. § 1118), and recovery of Defendant's profits associated with the sale of goods or services associated with the Infringing Mark, Huntsville Hospital System's damages (compensatory and punitive), costs, and reasonable attorneys' fees, under 15 U.S.C. §§ 1114 and 1117, and any other relief to which Huntsville Hospital System is entitled.

## COUNT II:
## VIOLATION OF THE LANHAM ACT
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125

37.    Huntsville Hospital System realleges and incorporates herein the allegations of the foregoing paragraphs as though fully set forth herein.

38.    Huntsville Hospital System owns the Marks.

39.    The Infringing Mark is confusingly similar to Huntsville Hospital System's Marks.

40.    By its unauthorized use of the Infringing Mark in connection with Defendant's efforts to market its goods or services, Defendant has used and is continuing to use in commerce false designations of origin, false descriptions,

and/or false representations which are likely to cause or constitute confusion, mistake, or deception in violation of 15 U.S.C. § 1125.

41.     Such use is likely to cause or constitute confusion, mistake, or deception in violation of 15 U.S.C. § 1125 by creating the false and misleading impression that Defendant's goods or services are actually those of Huntsville Hospital System, or that they are associated or connected with Huntsville Hospital System, or that Defendant's goods or services are sponsored, endorsed, or approved of by Huntsville Hospital System.

42.     Defendant's use of the Infringing Mark constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125.

43.     Upon information and belief, Defendant's actions have been committed intentionally, with actual notice of Huntsville Hospital System's Marks, with the intent being to trade on the goodwill associated with Huntsville Hospital System's Marks.

44.     As a direct and proximate result of Defendant's acts, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

45.     Huntsville Hospital System has no adequate remedy at law to prevent or recover from the damages addressed herein.

46.    Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.  Unless Defendant is enjoined by this Court, Huntsville Hospital System will continue to suffer substantial injuries due to Defendant's unauthorized use of marks confusingly similar to Huntsville Hospital System's Marks.

47.    Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, injunctive relief under 15 U.S.C. § 1116 (including but not limited to the types of relief provided under 15 U.S.C. § 1118), and recovery of Defendant's profits associated with the sale of goods or services associated with the Infringing Mark, Huntsville Hospital System's damages (compensatory and punitive), costs, and reasonable attorneys' fees, under 15 U.S.C. §§ 1125 and 1117, and any other relief to which Huntsville Hospital System is entitled.

## COUNT III:
## VIOLATION OF THE LANHAM ACT
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125

48.    Huntsville Hospital System realleges and incorporates herein the allegations of the foregoing paragraphs as though fully set forth herein.

49.    Huntsville Hospital System's Marks are famous and distinctive within the meaning of 15 U.S.C. § 1125 in this District and throughout the United States in that:

i.   The Marks possess both inherent and acquired distinctiveness;

ii.   Huntsville Hospital System has made extensive, longstanding, and exclusive use of the Marks since at least as early as 2008 throughout the United States;

iii.   Huntsville Hospital System has extensively promoted the Marks and the services provided in conjunction therewith throughout the United States since at least as early as 2008;

iv.   Huntsville Hospital System has used and is currently using the Marks throughout the United States;

v.   Huntsville Hospital System has successfully cultivated a high degree of recognition of the Marks throughout the United States, and

vi.   Huntsville Hospital System has applied for registration of the Marks with the United States Patent and Trademark Office, with the Marks expected to be published for opposition on March 15, 2016 (U.S. Application Serial No. 86/758,235) and March 22, 2016 (U.S. Application Serial No. 86/773,331).

50.   Defendant's unauthorized use of the Infringing Mark began after the Huntsville Hospital System's Marks became famous and is, therefore, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.     Unless enjoined by this Court, Defendant's unauthorized use of the Infringing Mark in connection with Defendant's efforts to market or provide its services will cause dilution of the distinctive quality of the famous Marks owned by Huntsville Hospital System and will cause damage to the goodwill and reputation Huntsville Hospital System has established in its Marks.

52.     Defendant's knowing and intentional use of the Infringing Mark constitutes willful dilution of the distinctiveness of Huntsville Hospital System's Marks and is likely to erode the public's exclusive identification of those marks with Huntsville Hospital System, and diminish the distinctiveness, effectiveness, and prestigious connotations of Huntsville Hospital System's Marks.   Upon information and belief, Defendant's actions also will tarnish Huntsville Hospital System's Marks by associating them with the provisions of services and goods of a quality that is not consistent with the high quality of services Huntsville Hospital System provides.

53.     As a direct and proximate result of Defendant's acts, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

54.     Huntsville Hospital System has no adequate remedy at law to prevent or recover from the damages addressed herein.

55.     Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.  Unless Defendant is enjoined by this Court, Huntsville Hospital System will continue to suffer substantial injuries due to Defendant's unauthorized use of the Infringing Mark, which is confusingly similar to Huntsville Hospital System's Marks.

56.     Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, injunctive relief under 15 U.S.C. § 1116, and recovery of Defendant's profits associated with the sale or provision of goods and services associated with the Infringing Mark, Huntsville Hospital System's damages (compensatory and punitive), costs, and reasonable attorneys' fees, under 15 U.S.C. §§ 1125 and 1117, and any other relief to which Huntsville Hospital System is entitled.

**COUNT IV:**
**COMMON LAW TRADEMARK INFRINGEMENT**

57.     Huntsville Hospital System realleges and incorporates herein the allegations of the foregoing paragraphs as though fully set forth herein.

58.     Huntsville Hospital System has used its Marks in the State of Alabama long prior to Defendant's first use of the Infringing Mark.  As a result, Huntsville Hospital System's Marks have become widely known and have become identified in the public mind as an indicator of the source and sponsorship of the hospitalist services Huntsville Hospital System provides under the Marks.

59.     Defendant, without Huntsville Hospital System's consent or authorization, has used and is continuing to use reproduction, copies or colorable imitations of Huntsville Hospital System's Marks through Defendant's use of the Infringing Mark in connection with the marketing and provision of Defendant's goods or services, which is likely to cause confusion and mistake as to the source or origin of Defendant's goods or services.

60.     Upon information and believe, Defendant has acted with full knowledge of Huntsville Hospital System's rights in Huntsville Hospital System's Marks and without regard to the likelihood of confusion of the public created by such activities, and has done so with the willful intent to trade on the goodwill associated with Huntsville Hospital System's Marks.  Accordingly, Defendant has willfully and deliberately engaged in common law trademark infringement and unfair competition under the common law of the State of Alabama.

61.     As a direct and proximate result of Defendant's trademark infringement, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

62.     Huntsville Hospital System has no adequate remedy at law to prevent or recover from the damages addressed herein.

63.     Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.  Unless Defendant is enjoined by this Court, Huntsville Hospital System will continue to suffer substantial injuries due to Defendant's unauthorized use of the Infringing Marks, which are confusingly similar to Huntsville Hospital System's Marks.

64.     Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, recovery of Defendant's profits associated with the sale of goods or services associated with the Infringing mark, Huntsville Hospital System's damages (compensatory and punitive), costs, and reasonable attorneys' fees under the common law of the State of Alabama, and any other relief to which Huntsville Hospital System is entitled.

## COUNT V:
## VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

65.     Huntsville Hospital System realleges and incorporates herein the allegations of the foregoing paragraphs as though fully set forth herein.

66.     Defendant's actions are likely to cause confusion or misunderstanding as to the source, sponsorship, and/or approval of the goods or services it provides. Defendant's actions further are likely to cause confusion or misunderstanding as to the affiliation, connection, or association with, by and between Defendant and Huntsville Hospital System.   Defendant thus is in violation of numerous

subsections of the Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-5, including but not limited to subsections (2), (3), and (5).

67.    As a direct and proximate result of Defendant's acts, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

68.    Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.   Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, recovery of Defendant's profits associated with the sale of goods or services associated with the Infringing Mark, as well as Huntsville Hospital System's damages (compensatory and punitive), costs, and reasonable attorneys' fees under the common law of the State of Alabama.

## COUNT VI:
## STATE LAW TRADEMARK DILUTION
## ALA. CODE § 8-12-17

69.    Huntsville Hospital System realleges and incorporates herein the allegations of the foregoing paragraphs as though fully set forth herein.

70.    Huntsville Hospital System's Marks are famous and distinctive within the meaning of Ala. Code § 8-12-17 in the State of Alabama and in the North

Alabama geographic area as a designation of source of the goods or services Huntsville Hospital System provides because:

    i.   Huntsville Hospital System's Marks possess both inherent and acquired distinctiveness;

    ii.   Huntsville Hospital System has made extensive, longstanding, and exclusive use of its Marks throughout the State of Alabama, since at least as early as April 1, 2008;

    iii.   Huntsville Hospital System has extensively promoted the goods or services it provides under its Marks throughout the State of Alabama since at least as early as April 1, 2008;

    iv.   Huntsville Hospital System has used and is currently using its Marks throughout the State of Alabama;

    v.   Huntsville Hospital System has successfully cultivated a high degree of actual recognition of its Marks amongst the public throughout the State of Alabama and the geographic region in which Huntsville Hospital System provides goods or services; and

    vi.   Huntsville Hospital System has filed applications for registration for each of the Marks with the United States Patent and Trademark Office.

71.    Defendant's unauthorized use of the Infringing Mark began after Huntsville Hospital System's Marks became famous and is, therefore, in violation of Ala. Code § 8-12-17.

72.    Unless enjoined by this Court, Defendant's unauthorized use of the Infringing Mark in connection with Defendant's efforts to market or sell its goods or services will cause dilution of the distinctive quality of the famous Huntsville Hospital System Marks and cause damage to Huntsville Hospital System's goodwill and reputation.

73.    Defendant's knowing and intentional use of the Infringing Mark constitutes willful dilution of the distinctiveness of Huntsville Hospital System's Marks and is likely to erode the public's exclusive identification of those marks with Huntsville Hospital System, and diminish the distinctiveness, effectiveness, and prestigious connotations of Huntsville Hospital System's Marks.   Upon information and belief, Defendant's actions also will tarnish Huntsville Hospital System's Marks by associating them with goods or services of a quality that is not consistent with the high quality of goods or services Huntsville Hospital System provides in conjunction with the Marks.

74.    As a direct and proximate result of Defendant's acts, Huntsville Hospital System has suffered damages in an amount not yet fully ascertained, and

has and will continue to suffer irreparable damage to its business reputation and goodwill should Defendant continue these actions.

75.    Huntsville Hospital System has no adequate remedy at law to prevent or recover from the damages addressed herein.

76.    Defendant has caused and continues to cause substantial injury to the public and to Huntsville Hospital System.  Unless Defendant is enjoined by this Court, Huntsville Hospital System will continue to suffer substantial injuries due to Defendant's unauthorized use of the Infringing Mark, which is confusingly similar to Huntsville Hospital System's Marks.

77.    Accordingly, Huntsville Hospital System is entitled to, and hereby prays for, injunctive relive under Ala. Code § 8-12-17, as well as recovery of Defendant's profits associated with the sale of goods or services associated with the Infringing Mark, Huntsville Hospital System's damages (compensatory and punitive), costs, reasonable attorneys' fees, and any other relief to which Huntsville Hospital System is entitled.

## RELIEF REQUESTED

Huntsville Hospital System prays that this Court enter an order:

(a) entering judgment in favor of Huntsville Hospital System and against Defendant on each and every count in this Complaint;

(b) Awarding such actual damages (compensatory and punitive) as Huntsville Hospital System may prove in this action and/or that Defendant account to Huntsville Hospital System for all amounts received by Defendant as a direct and proximate result of Defendant's unlawful conduct, and that Huntsville Hospital System be awarded all of Defendant's profits derived therefrom;

(c)    preliminarily and permanently enjoining and restraining Defendant, as well as any and all of its parents, subsidiaries, affiliated companies, directors, officers, agents, servants, employees, attorneys, representatives, successors, assigns, and all persons and entities acting under their direction, or in active concert or participation with them, from:

1.    Using the Infringing Mark, and/or any portion thereof, or anything confusingly similar thereto, in connection with any goods or services sold by or on behalf of Defendant;

2.    filing and/or prosecuting any applications to register trademarks with the U.S. Patent and Trademark Office or at any state level that are the same as, or in any way confusingly similar to, Huntsville Hospital System's Marks;

3.      using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's goods or services are in any way associated or affiliated with or related to Huntsville Hospital System's Marks or the goods or services Huntsville Hospital System provides in conjunction therewith;

(d)     directing Defendant to deliver up to Huntsville Hospital System for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all prints, documents and advertising or promotional materials in Defendant's possession or within its custody or control that bear any designation in violation of Huntsville Hospital System's rights in and to Huntsville Hospital System's Marks as decreed herein, together with all means of making the same;

(e)     directing Defendant to file with the Court and serve on counsel for Huntsville Hospital System, within thirty days after entry of any injunction issued by the Court in this action, a sworn

statement as provided in 15 U.S.C. § 1116;

(f)     awarding Huntsville Hospital System its reasonable attorneys'

fees, taxable costs and disbursements of this action, pursuant to

15 U.S.C. § 1117;

(g)     awarding such other and further relief as the Court deems just

and proper.

<u>JURY DEMAND</u>

Huntsville Hospital System requests trial by jury on all issues so triable.

*[SIGNATURES ON THE FOLLOWING PAGE]*

Respectfully submitted this 3rd day of March, 2016.

_____          _____ ,
Tracy A. Marion (MAR218)                  Ann I. Dennen (DEN023)
ASB-3888-V17K                             ASB-8618-D44A
TAM@LanierFord.com                        AID@LanierFord.com


Attorneys for Plaintiff
Lanier Ford Shaver & Payne P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
Phone: 256-535-1100
Fax: 256-533-9322

# Exhibit A

LanierFord.com



## LANIER FORD

Lanier Ford Shaver & Payne P.C.
**Attorneys at Law**

**2101 West Clinton Ave., Suite 102**
**Huntsville, Alabama 35805**

*Mailing Address:*
*P.O. Box 2087 • Huntsville, Alabama 35804*
256-535-1100 Office

**Ann I. Dennen**
Telephone: (256) 713-2503
Facsimile: (256) 533-9322
aid@lanierford.com

October 21, 2015

**Via Certified Mail, Return Receipt Requested**

Mr. Mike Segars
North Alabama Hospitalists. LLC
303 Williams Avenue, Ste. 129
Huntsville, AL 35801

   Re:  Unauthorized Use of North Alabama Hospitalists

Dear Mr. Segars:

   Our firm represents the Healthcare Authority of the City of Huntsville d/b/a HH Health System (HH) in various intellectual property matters, including protection of its trademark rights and issues involving unfair competition.  Our client is the owner of the following marks:

| **Application S/N** | **Mark** |
|---|---|
| 86/758,235 | North Alabama Hospitalists (word mark) |
| 86/773,331 | *NORTH ALABAMA HOSPITALISTS* (logo) |

Since 2008, HH has been using these marks in connection with the provision of medical services to hospitalized patients.

Mr. Mike Segars
October 21, 2015
Page 2


HH has extensively advertised its services throughout the region and has expended considerable efforts ensuring that only the highest quality services are provided in connection with these marks. As a result of these efforts, HH has established a tremendous amount of goodwill in its marks, and it has established at the very least common law rights through the continued use of its marks. That goodwill is extremely important to HH.

It has come to HH's attention that Crestwood Medical Center recently began using the following mark:



(hereinafter "Infringing Mark"). Enclosed herewith are screen captures from the Internet found at myhospitalmd.com/our-hospitalist-group and http://www.healthgrades.com/group-directory/al-alabama/huntsville/north-alabama-hospitalists-oojw4cv, showing use. It appears from the information available on the Internet that Crestwood's use is also in the area of the provision of medical services to hospitalized patients. HH believes that your mark in connection with the same services has and will likely cause confusion in the marketplace as to whether HH is associated with your services. You could therefore be liable to HH for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. §§ 1051 et seq.) as well as other possible causes of action.

Specifically, the Lanham Act provides that any person who uses in commerce a mark in connection with any goods or services, without the consent of the owner of the mark, and which use "is likely to cause confusion or mistake or to deceive" as to the source of the origin of those goods or services, "shall be liable in a civil action" to the owner of such trademark. See 15 U.S.C. § 1125. Remedies under the Lanham Act include not only injunctive relief, but also profits of the Defendant, any damages sustained by the Plaintiff, and the costs of the action. See 15 U.S.C. § 1117. Your use of the Infringing Mark in connection with the services described on your website is likely to cause confusion or mistake as to the source or origin of such services.

In addition to awarding actual damages in cases of trademark infringement and unfair competition, the Lanham Act also awards treble damages for cases of willful infringement. See 15 U.S.C. § 1117(a). In exceptional cases of willful infringement, even attorneys' fees can be awarded. See 15 U.S.C. § 1117; see also High Fidelity Recordings, Inc. v. Audio Fidelity, Inc., 305 F.2d 86, 89 (9th Cir. 1962) (awarding attorneys' fees to plaintiff where defendant's acts were willful and calculated to trade upon the plaintiff's good will); see Amana Society v. Gemeinde Brau, Inc., 417 F.Supp. 310, 311-12 (D. Iowa 1976), aff'd 557 F.2d 638 (8th Cir. 1977), cert. denied 434 U.S. 967 (awarding attorney's fees where defendant had deliberately used mark for its beer after having been denied permission by plaintiff owners of the registered trademark).

Mr. Mike Segars
October 21, 2015
Page 3

Accordingly, we must ask that you immediately cease and desist from using the Infringing Mark and anything else confusingly similar to HH's mark. Prompt resolution of this matter is important to our client and necessary to minimize any further damage to its valuable goodwill and reputation. Please contact me in writing, within the next ten (10) business days, outlining the steps you propose to take to eliminate this marketplace confusion.

We await your response.

Yours truly,

Ann I. Dennen

cc:   The Healthcare Authority of the City of Huntsville

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Gail Story*  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*Gail Story*   10-22-15

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Mr. Mike Segars
North Ala. Hospitalists, LLC
303 Williams Ave, Suite 129
Huntsville, AL 35801

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7014 3490 0001 0746 3618

PS Form 3811, July 2013   Domestic Return Receipt

Exhibit B



Search this site

# **Documents** **Mail**        **Calendar**

# **File**        **Groups**

Exhibit C

North Alabama Hospitalists - Huntsville, AL, (Alabama)        http://www.healthgrades.com/group-directory/al-ala...



ADVERTISEMENT

Home › Group Practices Directory › Alabama (AL) › Huntsville › North Alabama Hospitalists

# North Alabama Hospitalists

Internal Medicine

250 Chateau Dr SW Ste 110

ADVERTISEMENT

ADVERTISEMENT

## Office Locations



Leaflet | © OpenStreetMap contributors

**Before Your Next Doctor Visit**

- 10 Things to Know About Knee Arthritis
- Vitamin Deficiencies and Diabetes
- 8 Complications of COPD

ADVERTISEMENT

**North Alabama Hospitalists**
250 Chateau Dr SW Ste 110
Huntsville, AL 35801
(256) 469-7895 (Office)
Directions ℰ

## Our Physicians

Internal Medicine
**Dr. Christina Voelkel, MD** ℰ
250 Chateau Dr SW Ste 110
Huntsville, AL 35801

North Alabama Hospitalists - Huntsville, AL, (Alabama)     http://www.healthgrades.com/group-directory/al-ala...



**PATIENT SATISFACTION**



**1**
response

**HOSPITAL QUALITY**

Treatment Excellence

Specialty Excellence

Hospital-Wide Awards

Save | Share | View Profile

## Nearby Group Practices

Nashville, TN | Birmingham, AL | Chattanooga, TN | Huntsville, AL | Murfreesboro, TN | Franklin, TN | Cookeville, TN
Tuscaloosa, AL | Brentwood, TN | Gadsden, AL

## Popular Topics in Health Today

**Provided by**



4 Ways Alcohol Affects Diabetes

Infographic: RA and Your Body



6 Signs of Uncontrolled Asthma



How to Keep Crohn's Disease in Remission



Painkillers Can Lead to Constipation

ADVERTISEMENT

Providers by Specialty

Hospital and Group Practices

Procedures

Conditions

**For Patients**

**For Providers**

**For Partners**

**About Us**

**Connect With Us**

North Alabama Hospitalists - Huntsville, AL, (Alabama)       http://www.healthgrades.com/group-directory/al-ala...

© Copyright 2016 Healthgrades Operating Company, Inc. Patent US Nos. 7,752,060 and 8,719,052. All Rights Reserved.

Third Party materials included herein protected under copyright law.

Use of this website and any information contained herein is governed by the Healthgrades User Agreement.

Exhibit D


Huntsville

# North Alabama Hospitalists

Phone: **(256) 469 7895**
250 Chateau Dr SW Ste 110
**Huntsville**  Madison  AL  35801-3497

## About North Alabama Hospitalists and other related information

**North Alabama Hospitalists** is one of a number of businesses situated in **Huntsville, Alabama**.



## Weather in **Huntsville**

No Weather Info available...

DISQUS is open to all our users and can be used to share comments & pictures about any business, letting others know what you think.
Please note that there are terms of fair usage and all comments are subject to moderation. Comments which include offensive content of any kind will not be accepted. Furthermore comments are not to be used to vent personal grievances, post links or discuss unrelated topics.

**0 Comments**        USplaces.com                                                    ⚡ Login ⌄

↻ Recommend        ⤳ Share                                                      Sort by Best ⌄

Start the discussion...

Be the first to comment.

⊡ Subscribe   ⊕ Add Disqus to your site Add Disqus Add   🔒 Privacy

## Other results in **Huntsville**

**North Alabama Hospitalists**
250 Chateau Dr SW Ste 110
Huntsville AL *35801-3497*

**Okundaye Ebima C Dr**
250 Chateau Dr SW Ste 110
Huntsville AL *35801-3497*

**Physynergy**
250 Chateau Dr Sw Ste 110
Huntsville AL *35801-3497*

## Other places near **North Alabama Hospitalists**

**Advanced Ob/Gyn**
*Physicians and Surgeons - Gynecology and Obstetrics*
250 Chateau Dr SW Ste 100
Huntsville AL *35801-3497*                                                    **0.0 mi**

**Armstrong Thomas W**
*Physicians and Surgeons - Family and General Practice*
250 Chateau Dr SW Ste 160
Huntsville AL *35801-6437*                                                    **0.0 mi**

**Chapman Jenny C**
*Physicians and Surgeons - Family and General Practice*
250 Chateau Dr Sw Ste 160
Huntsville AL *35801-6437*                                                    **0.0 mi**

**Chapman Jenny C Dr**
*Physicians and Surgeons - Family and General Practice*
250 Chateau Dr SW Ste 160
Huntsville AL *35801-6437*                                                    **0.0 mi**

**Chennupati Bala M Dr**
*Physicians and Surgeons - Internal Medicine*
250 Chateau Dr SW Ste 220
Huntsville AL *35801-3497*                                                    **0.0 mi**

**Chennupati Bala M Md**
*Physicians and Surgeons - Internal Medicine*
250 Chateau Dr Sw Ste 220
Huntsville AL *35801-3497*                                                    **0.0 mi**

# Exhibit E

CHECK YOUR SYMPTOMS     FIND A DOCTOR

SIGN IN     SIGN UP     **SUBSCRIBE**

WebMD

HEALTH A-Z     DRUGS & SUPPLEMENTS     LIVING HEALTHY     FAMILY & PREGNANCY     NEWS & EXPERTS

SEARCH

Physician Directory

# Physician Directory

Hospital Directory     Pharmacy Directory

Search by Name, Specialty, Condition or Procedur     Huntsville, AL 35801     Find Physician

## North Alabama Hospitalists

15 Insurance Carriers              250 Chateau Dr SW Ste 110
3 Practicing Physicians            Huntsville, AL 35801
2 Specialties                      1 Office Location

Overview & Locations     Physicians at this Practice     Insurance Affiliations     Get Directions

### About North Alabama Hospitalists

North Alabama Hospitalists is a group practice with 1 location. Currently, North Alabama Hospitalists specializes in Internal Medicine and Nephrology with 3 physicians.

### North Alabama Hospitalists Office Locations

North Alabama Hospitalists
**250 Chateau Dr SW Ste 110**
**Huntsville, AL 35801**
(256) 469-7895
Not Available

Office Information

Next: North Alabama Hospitalists Physicians

## Top US Metropolitan Areas

Atlanta          Columbus          Los Angeles          Orlando          Salt Lake City

| Austin | Dallas | Louisville | Philadelphia | San Antonio |
| --- | --- | --- | --- | --- |
| Baltimore | Denver | Memphis | Phoenix | San Bernardino |
| Birmingham | Detroit | Miami | Pittsburgh | San Diego |
| Boston | Hartford | Milwaukee | Portland | San Francisco |
| Buffalo | Houston | Minneapolis | Providence | San Jose |
| Charlotte | Indianapolis | Nashville | Raleigh | Seattle |
| Chicago | Jacksonville | New Orleans | Richmond | Tampa |
| Cincinnati | Kansas City | New York | Sacramento | Virginia Beach |
| Cleveland | Las Vegas | Oklahoma City | Saint Louis | Washington DC |

View All Locations

©2005-2016 WebMD, LLC. All rights reserved.

WebMD

WebMD does not provide medical advice, diagnosis or treatment. See additional information.